IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHELLE BEREDA, et al., Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| NISSAN NORTH AMERICA, INC., et al., | ) ) ) |
| Defendants. | ) ) |

NO. 3:22-cv-00098

JUDGE CAMPBELL
MAGISTRATE JUDGE FRENSLEY

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Nissan North America, Inc's ("Nissan N.A.") Motion to Dismiss. (Doc. No. 10). Plaintiffs, putative class representatives from California, North Carolina, and Ohio ("Plaintiffs") filed a response (Doc. No. 14), and Nissan N.A. replied (Doc. No. 15).

This case is the third in a collection of three consolidated cases against Nissan N.A. and Nissan Motor Corporation alleging a multitude of claims related to the purported failures of the Forward Emergency Braking ("FEB") System in certain Nissan vehicles. The Court has already ruled on motions to dismiss in the other two cases, *In re Nissan North America Litigation* (Case No. 3:19-cv-843, Doc. Nos. 269, 270) and *Kemp v. Nissan North America, Inc., et al.* (Case No. 3:19-cv-584, Doc. Nos. 67, 68).

Plaintiffs in this case bring claims for fraudulent omission (Count 1), breach of express warranty (Count 2), breach of implied warranty (Count 3), violations of the Magnuson-Moss Warranty Act (Count 4), unjust enrichment (Count 5), and violation of consumer protection and

trade practices acts in California (Counts 6-8), North Carolina (Count 9), and Ohio (Count 10) related to the FEB System. Nissan N.A. moves to dismiss Counts 2 and 3 as to all Plaintiffs, Counts 1, 6, and 7 as to California Plaintiff Angelene Hoeffken, and Count 4 as to North Carolina Plaintiff Scott Neri and Ohio Plaintiff Michelle Bereda.

A.  **Express Warranty, Magnuson-Moss Warranty Act, Fraudulent Omission and California Statutory Claims**

The Court has reviewed the arguments in the parties briefing and finds that they are materially the same as the arguments presented in the briefing in *In re Nissan North America Litigation* as to the California, North Carolina, and Ohio plaintiffs in that case, except the briefing on implied warranty. The Court reviewed those arguments and ruled on them. Seeing no material changes between the allegations and arguments here and those presented in the sister case, the Court adopts findings and rulings made as to Nissan N.A. in its previous order. (*See* Case No. 3:19-cv-843, Doc. Nos. 269, 270). The Court notes that the previous order resolved more claims than those argued here. The Court adopts only those findings and rulings on the issues raised in this motion to dismiss except for those for the implied warranty claims. The Court addresses those below.

B.  **Implied Warranty Claims**

Nissan N.A. moves to dismiss the implied warranty claims of all plaintiffs on the grounds that they have failed to allege facts supporting a finding that they are in vertical privity with Nissan N.A. because they allege that they purchased their vehicles through authorized dealers and not directly from Nissan N.A. Plaintiffs respond that vertical privity is not required where, as here, Plaintiffs are the intended third-party beneficiaries of the contract. Plaintiffs have alleged that they are the intended third-party beneficiaries of the warranties.

2

1. California

Under California law, "a plaintiff asserting breach of [implied] warranty must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff argues that, as the ultimate consumer of the product, she does not have to show privity, because she is a third-party beneficiary. Defendant responds that Plaintiff has failed to allege facts to support this legal conclusion and that California precedent does not permit plaintiffs to attain privity by asserting third-party beneficiary status.

Notwithstanding Defendant's arguments regarding the effect of *Clemens*, the *Clemens* court did not specifically address the third-party beneficiary exception. In fact, "California district courts are split on the application of the third-party beneficiary exception to the rule of privity." *Lessin v. Ford Motor Co.*, 2020 WL 6544705 (S.D. Cal. Nov. 6, 2020) (collecting cases). "But 'the clear weight of authority compels a conclusion that where plaintiffs successfully plead third-party beneficiary status, they successfully plead a breach of implied warranty claim.'" *Id*. (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1184 (C.D. Cal. 2010) (citations omitted)). "Thus…where a plaintiff pleads that he or she is a third-party beneficiary to a contract that gives rise to the implied warranty of merchantability, he or she may assert a claim for the implied warranty's breach." *In re. Toyota Motor Corp.*, 754 F. Supp. 2d at 1185. To plead third-party beneficiary status, a plaintiff must "allege facts tending to support that [she is a] third-party beneficiary." *Id*.

Here, Plaintiff alleges that she purchased her vehicle from a Nissan dealership. (CAC ¶ 17).[1] She further alleges that Nissan N.A. issued written warranties for its vehicles, that the warranty agreements were designed to benefit the purchasers and not the dealers and that she was

---

[1] For ease of reference, the Court cites to the Class Action Complaint, Doc. No. 1, as "CAC ¶ __".

the intended third-party beneficiary. (CAC ¶ 101, 131). At this early stage, the Court is not persuaded that Plaintiff Hoeffken's claims are precluded by lack of vertical privity and will not be dismissed on these grounds.

2. Ohio and North Carolina

Nissan N.A. argues that privity is likewise required in Ohio and North Carolina. In response, Plaintiffs contend that third-party beneficiary status is an applicable exception to the privity requirement under Ohio and North Carolina law. The case Plaintiffs cite in support of this proposition does not address the requirement under the laws of either state but rather analyzes the claims under California law. *See In re Nexus 6P Products Liability Litigation*, 293 F.Supp.3d 888, 922 (N.D. Cal. 2018) ("Because the parties do not identify any material differences among the relevant state laws, the Court uses California law as the rubric for analyzing these arguments."). The Court does not find that analysis persuasive.

Under Ohio law, privity is required "for claims for breach of implied warranty based on contract, but not for such claims sounding in tort." *In re FCA US LLC Monostable Electronic Gearshift Litigation*, 355 F.Supp.3d 582, 593 (E.D. Mich. 2018). Additionally, "[a]lthough privity is required for a contract-based implied warranty claim, federal courts applying Ohio law readily have found the privity requirement to be satisfied where the manufacturer issued a written warranty covering the vehicle in question and the claims are based on warranty-covered defects." *Id*. (citing *Roxy Home Improvement, LLC v. Mercedes-Benz USA, LLC*, No. 17-01817, 2018 WL 1705800, at *5 (N.D. Ohio Apr. 9, 2018)). The parties' briefing fails to address this distinction, and the Court does not find Nissan N.A.'s arguments to be a persuasive basis to dismiss Plaintiff Bereda's implied warranty claims on these grounds.

4

Under North Carolina law, "the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss." *Gregorio v. Ford Motor Co.*, 522 F.Supp.3d 264, 292 (quoting *Energy Inv'rs Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 525 S.E.2d 441, 446 (2000)). The court in *Gregorio* highlighted a split on the viability of the third-party beneficiary exception under North Carolina law. *See id* at 292-93. Some courts consider the failure to show privity "fatal to implied warranty claims." *Francis v. General Motors, LLC*, 504 F.Supp.3d 659 (E.D. Mich. 2020). Others have permitted the claim to proceed where the plaintiff has plausibly alleged that they, as opposed to the dealer, are the intended beneficiary of the warranty. *Gregorio*, 522 F.Supp.3d at 293. The Court finds the reasoning of the latter more persuasive, particularly in the context of auto-manufacturing, where often "[t]he market for new cars is structured such that drivers much buy from an authorized dealer and do not have the option to buy directly from" the manufacturer. *Id*.

Nissan N.A. contends that Plaintiff Neri fails to plausibly allege this relationship, but the Court disagrees. The Court has reviewed the pleadings and finds that they are sufficient to plausibly allege a breach of implied warranty. Specifically, Plaintiff pleaded that he purchased his vehicle from an authorized Nissan dealer, that Nissan N.A. issued written warranties for the vehicles, and that, as the ultimate users, the buyers and lessees of those vehicles were the intended beneficiaries of Nissan N.A.'s warranties. (CAC ¶¶ 31, 101, 131). The Court finds that these allegations are sufficient to plausibly allege a breach of implied warranty.

For the reasons stated herein, Nissan N.A.'s Motion to Dismiss (Doc. No. 10) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE